Charles R. Lasiter and Mary M. Lasiter v. Commissioner.
Lasiter v. Commissioner
Docket No. 1276-63.
United States Tax Court
T.C. Memo 1965-12; 1965 Tax Ct. Memo LEXIS 320; 24 T.C.M. (CCH) 52; T.C.M. (RIA) 65012; January 27, 1965
Eli Blumenfeld, for the respondent. SCOTT Memorandum Opinion SCOTT, Judge: Respondent determined a deficiency in petitioners' income tax for the calendar year 1960 in the amount of $666.20. The issue for decision is whether real property rented by petitioners qualifies for additional depreciation of 20 percent of its cost in the year of acquisition under the provisions of section 179(a) of the Internal Revenue Code of 1954. [1]
*322 All of the facts have been stipulated and are found accordingly. Petitioners, husband and wife in Ketchikan, Alaska, filed a joint Federal income tax return for the calendar year 1960 with the district director of internal revenue at Tacoma, Washington. On June 30, 1960, petitioners purchased improved real property in Warren, Arkansas, at a total cost of $17,000, of which $2,200 constituted cost of land and the balance of $14,800, cost of the building situated thereon. The $14,800 allocated as the cost of the building represents money invested by petitioners during 1960 in new depreciable real property. From September 1 to December 31, 1960, petitioners rented the building to another for $75 per month, making a total rental received therefrom by petitioners during 1960 of $300. Petitioners on their 1960 income tax return, signed by them on March 16, 1961, showed as their total income tax the amount of $1,110 and as Federal tax withheld the amount of $1,675, claiming an overpayment of $565, which they requested be refunded to them, and which amount respondent in May 1961 did refund to them. On their 1960 income tax return petitioners claimed, and were allowed by respondent, *323 a deduction for normal depreciation on the building on their Arkansas property using a straight line method based upon an estimated useful life of 60 years. Petitioners also claimed an additional first year depreciation in the amount of $2,960 (20 percent of $14,800), and they attached a statement to their return describing the property on which additional first-year depreciation was claimed. On January 11, 1963, respondent issued a notice of deficiency to petitioners determining the deficiency involved herein, which deficiency was based on respondent's determination that petitioners were not entitled to the deduction for first-year depreciation claimed on their 1960 income tax return under the provisions of section 179. Section 167(a) [2] provides that there shall be allowed as a depreciation deduction a reasonable allowance for the exhaustion, wear and tear of property used in a trade or business or held for the production of income. Section 167(b) [2] provides that the term "reasonable allowance" shall include but shall not be limited to an allowance computed under the methods set forth therein. For computing the reasonable allowance for depreciation on the building under the *324 provisions of section 167(a), petitioners chose the straight line method with a 60-year useful life assigned to the building, and respondent has not questioned the deduction for depreciation computed by petitioners on this basis. *325 Petitioners also claimed an additional first-year depreciation allowance under section 179. [3] Under the clear words of section 179(d), the property with respect to which section 179(a) allows a taxpayer to elect to deduct in the first year as a reasonable allowance for depreciation under section 167(a), 20 percent of its cost, is tangible personal property. Petitioners recognize that the statute so provides and have stipulated with respondent that the property with respect to which they seek an additional allowance of 20 percent of the cost for the year here in issue is real property. *326 Petitioners contend, however, that since respondent "first allowed, then denied, the allowance for first-year depreciation", they are entitled to the claimed deduction. Petitioners also contend that section 179 is unconstitutional since it applies only to tangible personal property. Petitioners misconceive the effect of respondent's refunding to them shortly after they filed their 1960 Federal income tax return the $565 overpayment claimed thereon. The refunding of this amount to petitioners did not constitute respondent's determination that petitioners claimed deduction for depreciation was proper. Respondent's determination was made in the notice of deficiency which he mailed to petitioners in accordance with the provisions of section 6212. In that notice respondent determined that petitioners were not entitled to a depreciation deduction under section 179. A deficiency is defined in section 6211(a) as the amount by which the tax imposed exceeds the amount shown as the tax by the taxpayer upon his return, if such a return is filed and an amount shown thereon as tax, plus the amounts previously assessed (or collected without assessment) as a deficiency over the amount of rebates *327 made. The amount of $565 refunded to petitioners was not a part of the amount shown by petitioners as tax on their return, the amount shown by them as tax on their return being $1,110. We do not agree with petitioners that had respondent once determined that their claimed deduction for depreciation was allowable, he would be prohibited, where no prior notice of deficiency had been sent to them from which a petition to this Court was filed from sending a notice of deficiency denying this deduction within the time provided by statute for respondent's determining a deficiency. In our view, however, in the instant case respondent never made a determination that depreciation under section 179 was allowable to petitioners. It has long been settled that a statute which makes reasonable classifications in imposing a tax is not unconstitutional Brushaber v. Union Pac. R.R., 240 U.S. 1 (1916). Petitioners have not shown that the allowance of depreciation on a different basis on tangible personal property from that allowed on real property is unreasonable. The Congressional purpose in enacting the "Small Business Tax Revision Act of 1958" which added to the Internal Revenue Code *328 the provisions of section 179 was to "aid and encourage small business" in part by increasing "the volume of internal funds which will be made available for the financing of small business." [4] A first-year additional deduction for depreciation on tangible personal property but not on real property is not unreasonable in accomplishing this Congressional purpose. We do not consider that section 179 violates the provisions of any section of any article of the Constitution. The only deductions allowable in computing taxable income are those clearly provided for by statute, and a taxpayer seeking a deduction must be able to point to a statute providing for such deduction and show that he comes within its terms. New Colonial Ice Co., Inc. v. Helvering, 292 U.S. 435 (1934). The statute to which petitioners here point as allowing the deduction is one which by their own admission is inapplicable since it does not apply to real property. Petitioners have been allowed the depreciation deduction provided for in section 167 and have pointed to no statute which allows them *329 any additional deduction for depreciation in the year 1960. Decision will be entered for respondent. Footnotes
1. All references are to the Internal Revenue Code of 1954 unless otherwise indicated.↩
2. SEC. 167. DEPRECIATION. (a) General Rule. - There shall be allowed as a depreciation deduction a reasonable allowance for the exhaustion, wear and tear (including a reasonable allowance for obsolescence) - (1) of property used in the trade or business, or (2) of property held for the production of income. (b) Use of Certain Methods and Rates. - For taxable years ending after December 31, 1953, the term "reasonable allowance" as used in subsection (a) shall include (but shall not be limited to) an allowance computed in accordance with regulations prescribed by the Secretary or his delegate, under any of the following methods: (2) the declining balance method, using a rate not exceeding twice the rate which would have been used had the annual allowance been computed under the method described in paragraph (1), (3) the sum of the years-digits method, and (4) any other consistent method productive of an annual allowance which, when added to all allowances for the period commencing with the taxpayer's use of the property and including the taxable year, does not, during the first two-thirds of the useful life of the property, exceed the total of such allowances which would have been used had such allowances been computed under the method described in paragraph (2). Nothing in this subsection shall be construed to limit or reduce an allowance otherwise allowable under subsection (a).↩
3. SEC. 179. ADDITIONAL FIRST-YEAR DEPRECIATION ALLOWANCE FOR SMALL BUSINESS. (a) General Rule. - In the case of section 179 property, the term "reasonable allowance" as used in section 167(a) may, at the election of the taxpayer, include an allowance, for the first taxable year for which a deduction is allowable under section 167 to the taxpayer with respect to such property, of 20 percent of the cost of such property. (b) Dollar Limitation. - If in any one taxable year the cost of section 179 property with respect to which the taxpayer may elect an allowance under subsection (a) for such taxable year exceeds $10,000, then subsection (a) shall apply with respect to those items selected by the taxpayer, but only to the extent of an aggregate cost of $10,000. In the case of a husband and wife who file a joint return under section 6013 for the taxable year, the limitation under the preceding sentence shall be $20,000 in lieu of $10,000. * * *
(d) Definitions and Special Rules. - (1) Section 179 property. - For purposes of this section, the term "section 179 property" means tangible personal property - * * *↩
4. H. Rept. No. 2198 to accompany H.R. 13382 (Pub. L. 85-866), 85th Cong., 2d Sess., pp. 1-2 (1958).↩